# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:08CR00028 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **JOHNNY WAYNE LAFORCE,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Johnny Wayne LaForce, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging his 180-month sentence imposed by this court under the Armed Career Criminal Act ("ACCA"). His motion is based on the holding of the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The United States has filed a Motion to Dismiss and the issues have been fully briefed. After reviewing the record and considering the arguments of the parties, I will deny the United States' Motion to Dismiss and grant LaForce's § 2255 motion.

I.

On January 8, 2009, the grand jury charged LaForce in a Second Superseding Indictment with: possessing with intent to distribute morphine, in violation of 21 U.S.C. § 841(a)(1); possessing a firearm during a drug trafficking

offense, in violation of 18 U.S.C. § 924(c); and two counts of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

LaForce pleaded guilty to one count of being a felon in possession of a firearm in a written Plea Agreement. Plea Agreement 1, ECF No. 161. The Plea Agreement also included a collateral attack waiver, which provided that LaForce "waive[d] any right [he] may have to collaterally attack, in any future proceeding, any order issued in this matter." *Id*. at 8. The Presentence Investigation Report ("PSR") recommended that LaForce be designated as an armed career criminal under the ACCA because he had at least three previous convictions "for a violent felony or a serious drug offense." PSR ¶ 27, ECF No. 173. The PSR listed five prior Virginia burglary convictions, one Virginia escape conviction, and one Virginia conviction for maliciously shooting at an occupied motor vehicle to support his armed career criminal status. *Id.* at ¶¶ 33, 34, 35, 37 and 45. Because the PSR concluded that LaForce qualified as an armed career criminal, it recommended an advisory guideline range of 180 to 188 months. *Id*. at ¶ 77. On June 21, 2010, I sentenced LaForce to 180 months' imprisonment. LaForce did not appeal.

II.

The ACCA provides for an enhanced sentence if a defendant is convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and "has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Prior to *Johnson*, the term "violent felony" was defined in the ACCA as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The second portion of the second clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is called the "residual clause" and was found to be unconstitutionally vague in *Johnson*. This holding applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). However, the first clause, referred to as the "force clause," and the beginning portion of the second clause, listing specific crimes, known as the "enumerated crimes clause," were not affected by the *Johnson* decision. 135 S. Ct. at 2563 (noting that other than the

residual clause, the Court's holding "d[id] not call into question . . . the remainder of the [ACCA's] definition of a violent felony").

LaForce argues that following *Johnson*, his Virginia burglary convictions cannot be used to support his status as an armed career criminal. I agree. A similar argument has recently been adopted by the United States Court of Appeals for the Fourth Circuit in *Castendet-Lewis v. Sessions*, an immigration law case, which held that the Virginia burglary statute is both broader than generic burglary and indivisible. 855 F.3d 253, 264 (4th Cir. 2017). The Fourth Circuit has applied its holding in *Castendet-Lewis* to conclude that Virginia burglary falls outside the scope of generic burglary in the enumerated crimes clause of the ACCA and cannot be used to support an enhanced sentence. *United States v. Hadsell*, No. 16-4767, 2017 WL 2772133, at *1 (4th Cir. June 26, 2017) (unpublished). Without the Virginia burglary convictions, LaForce does not have the requisite number of violent felonies to support his 180-month sentence and he is entitled to relief.[1]

The government makes additional arguments that various procedural impediments preclude LaForce from prevailing on his § 2255 petition. These claims are unavailing.

---

[1] Without the Virginia burglary convictions, LaForce is left with only two predicates: a Virginia escape conviction and a Virginia malicious shooting into an occupied motor vehicle conviction. Because LaForce does not have the requisite three prior violent felonies to support his armed career criminal status, I need not resolve the status of his other two convictions.

The government first argues that LaForce's petition is untimely because he did not file within one year of his judgment of conviction, as required under 28 U.S.C. § 2255(f)(1). However, § 2255(f) allows for an additional one-year limitations period to run from the date on which the Supreme Court recognizes a new right made retroactively applicable on collateral review if the defendant relies on that decision to support the claimed relief. *Id*. at § 2255(f)(3). The Fourth Circuit has held that a defendant relies on *Johnson* if his ACCA sentence "may have been predicated on application of the now-void residual clause." *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017). LaForce's petition, filed within one year of *Johnson*, argues that his sentence may have been predicated on the ACCA residual clause because some courts, at the time, had considered burglary a predicate offense under the residual clause. Therefore he has shown reliance on a new, retroactively applicable rule of constitutional law sufficient to satisfy § 2255(f)(3).

The government also argues that LaForce's sentence is procedurally defaulted because he did not argue that the residual clause was unconstitutional on direct review, which usually precludes collateral review. *Massaro v. United States*, 538 U.S. 500, 504 (2003) (noting that claims not raised on direct appeal may generally not be raised on collateral review). However, the Fourth Circuit, in *Winston*, rejected the government's "various related procedural arguments," and

reached the merits of the petition without further consideration of procedural bars. 850 F.3d at 682 n.4.

Moreover, LaForce can demonstrate cause and actual prejudice to excuse the procedural default. *Bousley v. United States*, 523 U.S. 614, 622 (1998). A defendant can show cause to overcome a default when the Supreme Court establishes "a new constitutional rule, representing a clear break with the past," so that the legal basis for an argument was not reasonably available to counsel. *Reed v. Ross*, 468 U.S. 1, 17 (1984) (internal quotation marks and citations omitted). This is such a case because at the time of LaForce's sentencing, the Supreme Court had definitively rejected a vagueness challenge to the ACCA's residual clause in *James v. United States*, 550 U.S. 192, 210 n. 6 (2007) ("[W]e are not persuaded . . . that the residual provision is unconstitutionally vague."). The *Johnson* decision expressly overruled *James*. *Johnson*, 135 S. Ct. at 2563 ("Our contrary holding[] in *James* . . . [is] overruled."). Moreover, LaForce has established prejudice because the ACCA subjected him to a 15-year mandatory minimum sentence when he would have faced a maximum ten-year sentence had he not been designated an armed career criminal. 18 U.S.C. § 924(a)(2).

Furthermore, the government contends that LaForce's collateral attack waiver precludes him from bringing this petition. Although collateral attack waivers are generally enforceable following a knowing and voluntary guilty plea,

*United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005), as was the plea here, Laforce's *Johnson* claim falls beyond the scope of his collateral-attack waiver. The Fourth Circuit has held that a valid waiver of appellate and collateral-attack rights does not give a court unfettered discretion in imposing a sentence and that certain fundamental defects or errors may not be waived. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). One such fundamental error is if the sentence imposed is in excess of the maximum penalty provided by statute. *Id*. Because I conclude that LaForce is not an armed career criminal, his 180-month sentence is greater than the 120-month statutory maximum. Accordingly, LaForce has not waived his right to bring this § 2255 petition.

For these reasons, I will deny the United States' Motion to Dismiss and grant the Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255. A separate order will be entered vacating the defendant's sentence subject to resentencing.

DATED: August 4, 2017

/s/ James P. Jones
United States District Judge